**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **MELISSA WAILES,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 7:22-cv-12** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LOUIS DEJOY, et al.,** | ) | **By: Hon. Robert S. Ballou** |
| | ) | **United States District Judge** |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff, Melissa Wailes, *pro se*, filed suit against the Postmaster General of the United States and others[1] alleging illegal employment practices and discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). She also asserts violations of her rights under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (the "FMLA"). In her Amended Complaint, Wailes, a postal employee, alleges that defendants misrepresented, in a job posting, the hours and schedule of a position she accepted and also improperly disciplined her. Defendants move to dismiss the Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim, asserting that Wailes failed to exhaust her administrative remedies. Dkt. 17. Wailes filed a letter with the court (Dkt. 21), which I construe as a response in opposition to the Motion to Dismiss. However, the one paragraph letter response

---

[1] The only proper defendant in a Title VII action brought by a federal employee is the head of the agency, here the Postmaster General of the United States. <u>Keene v. Thompson</u>, 232 F. Supp. 2d 574, 580 n.6 (M.D.N.C. 2002) ("in a Title VII suit brought by a federal employee, the *only* proper defendant is the head of the agency"); 42 U.S.C. § 2000e–16(c).

states only that she wants to continue with her claims and "move forward with the proceedings." Wailes does not address the exhaustion arguments raised by defendants and has provided no factual or legal rebuttal to the Motion to Dismiss. I **GRANT IN PART** the Motion to Dismiss because Wailes failed to exhaust administrative remedies for her claims as required under Title VII. As administrative exhaustion is not required for FMLA claims, I **DENY** the Motion to Dismiss any FMLA claims on exhaustion grounds. However, I **DISMISS** Wailes's FMLA claims for failure state a claim.

## I.    Background

Wailes filed her original Complaint on January 10, 2022 (Dkt. 1) and her Amended Complaint on August 11, 2022 (Dkt. 10).[2] Both the original and Amended Complaint use a preprinted form titled "Form to Be Used by Plaintiffs in Filing a Complaint Under the Equal Employment Opportunities Act." [3] As Wailes filed her Amended Complaint before defendants filed their Motion to Dismiss, the Amended Complaint supersedes the original Complaint and is the operative pleading subject to the Motion to Dismiss. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) (noting the general rule that "an amended pleading supersedes the original pleading, rendering the original pleading of no effect"); Gould v. Bertie Cnty., No. 5:14-

---

[2] Wailes's original Complaint was served on the defendant, the Postmaster General of the United States, on February 7, 2022 (Dkt. 7). However, no Answer was filed; instead, Wailes filed an Amended Complaint in August 2022 and defendants filed a Motion to Dismiss the Amended Complaint in December 2022. Dkt. 10, 17.

[3] The allegations raised in the Amended Complaint involve claims that are unrelated to the claims asserted in the original Complaint, though they both have the Postmaster General as the defendant. In her original Complaint, Wailes refers to an unlawful employment practice that occurred in December 2019 and involved different individuals, where Wailes was "suspended for 9 months for sexual harassment." Dkt. 1, at 2–4. Wailes filed her Amended Complaint on August 11, 2022 which included some of the same claims set out in the EEO complaint. Defendants argue that the claims in the Amended Complaint are unrelated to the claims in the original Complaint, "should not relate back," and thus are untimely. See D.'s Br. in Supp. at 15, Dkt. 18. However, because I grant the motion to dismiss the Title VII claims in the Amended Complaint for failure to administratively exhaust claims, I do not address this argument.

CT-3066-FL, 2014 WL 3854076, at *1 (E.D.N.C. Aug. 5, 2014) (citing Scinto v. Stansberry, 507F. App'x 311, 312 (4th Cir. 2013) (Finding that because plaintiff moved to amend before defendants filed a responsive pleading, and plaintiff's complaint is the type of pleading that requires a responsive pleading, amendment is allowed as a "matter of course").

Generally, when deciding a motion to dismiss, the court will consider only the complaint, and any documents attached to the motion to dismiss that are "integral to the complaint and authentic." Philips v. Pitt County Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Walker v. S.W.I.F.T. SCRL, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007) (noting that to be considered integral to a claim, a document's "very existence, and not the mere information it contains, gives rise to the legal rights asserted"). Here, defendants included documentation of Wailes's EEOC activity with the Postal Service with their Motion to Dismiss; specifically, two informal complaints, and one formal complaint Wailes filed. Defendants submitted these documents to support their argument that Wailes failed to exhaust her administrative remedies. Wailes does not object to consideration of these documents at this stage and included allegations about her own EEOC activity in her Amended Complaint. See e.g. Am. Compl. at 2, 7. Thus, I will consider the documents attached to the Motion to Dismiss as integral to the Amended Complaint for the purposes of determining exhaustion of administrative remedies. See Hamilton v. Harker, No. CV TDC-19-1489, 2021 WL 597684, at *3–4 (D. Md. Feb. 16, 2021) (considering documents relating to plaintiff's EEO activity, including counselor reports and complaints, for purposes of evaluating exhaustion of administrative remedies); see also Magruder v. Potter, No. CV PJM-06-2699, 2007 WL 9782630, at *2 (D. Md. Aug. 13, 2007) (noting that when "the plaintiff's judicial complaint relies on administrative complaints, the

3

administrative documents may be considered in ruling on a motion to dismiss, without converting the Rule 12(b)(6) motion into a Rule 56 motion").[4]

Accordingly, the following factual background is derived from Wailes's Amended Complaint, as well as portions of the exhibits submitted by the defendants with their Motion to Dismiss. The Amended Complaint, using generalized and conclusory allegations, asserts that Wailes was "discharged or otherwise affected by an unlawful employment practice" and that she filed a complaint with the Equal Employment Opportunities Commission, but it dismissed her complaint as untimely.[5] Am. Compl. at 2, Dkt. 10. Wailes contends that the Postal Service advertised a job position, which she accepted, but defendants "lied about the position" in the posting including payment of her relocation expenses and changing her "hours and days without [her] knowledge." Id. at 4. Wailes claims that the Postal Service disciplined her "for not doing a job which was not in [her] job description." Id. Wailes also alleges FMLA violations, and she was wrongfully "discipline[d] for the FMLA." Id. Wailes seeks damages in the amount of $300,000 dollars for lost wages, therapy, and medications." Id. at 6.

Defendants submit, along with their motion to dismiss, informal complaints Wailes filed

---

[4] Of course, while a plaintiff must plausibly allege that she exhausted administrative remedies to withstand a motion to dismiss, there is no requirement that she attach any specific documents to her complaint, such as the EEOC charge or right to sue letter. See Torres v. Rector & Bd. of Visitors of Univ. of Virginia, No. 3:21-CV-00001, 2022 WL 848063, at *2–3 (W.D. Va. Mar. 21, 2022) (collecting cases noting that there is no requirement that a Title VII plaintiff must "attach the EEOC charge or right to sue letter to the complaint" and finding that the plaintiff had "plausibly alleged that she exhausted her administrative remedies" for the purpose of withstanding a motion to dismiss).

[5] Wailes alleged in the Amended Complaint that she was "discharged from employment or otherwise affected by the alleged unlawful employment practice" on December 3, 2021, but the administrative complaints allege discrimination on September 3, 2020 and December 8, 2020, with her first informal complaint being filed on December 3, 2020. See Dkt. 18-1 at 2, 5. Thus, the December 3, 2021 date may be a typographical error because the EEOC right to sue letter Wailes attached to her Amended Complaint is dated November 12, 2021, which would have been (impossibly) before any December 2021 incident. Likewise, Wailes states elsewhere in her Amended Complaint that she filed grievances in September and November 2020, and July 2021. Dkt. 10 at 4.

on December 3, 2020 and July 21, 2021, as well as her formal complaint dated October 20, 2021, which show that Wailes failed to exhaust her administrative remedies regarding the claims in her Amended Complaint.  See D.'s Br. in Supp. at 4, Dkt. 18. The first informal complaint, dated December 3, 2020 (claim number 4C-250-0011-21) alleges discrimination based on age, religion, and retaliation. Dkt. 18-1, at 5. Wailes claimed that (1) the Postmaster posted a job opening with a specific schedule and that she relocated from another state for the job, in reliance upon the job posting, but when she arrived the duty hours were different; (2) the Postmaster did not honor the promise in the job posting to reimburse her relocation expenses; and (3) the Postmaster disciplined her because of an animus toward her, in part, for requesting time to write a complaint to the EEOC. See Dkt. 18-1, at 2. The Postal Service instructed Wailes that she could file a formal complaint within 15 days, or her informal complaint would be closed. Dkt. 18-1, at 5. Wailes never filed a formal complaint, an allegation she does not contest. D.'s Br. in Supp. at 5, Dkt. 18.

Wailes filed a second informal complaint dated July 21, 2021 (claim number 4B-230-0127-21), which alleges discrimination based on race, color, sex, and retaliation. See Dkt. 18-2, at 1 and 5. When this informal complaint was not resolved, Wailes filed a formal complaint on October 20, 2021.[6] By letter dated November 12, 2021, the Postal Service informed Wailes it had dismissed her formal complaint as untimely. Dkt. 18-2, at 1-4. The letter describes Wailes as alleging in the informal complaint discrimination based on race, color, sex, and retaliation when:

---

[6] Wailes's formal complaint makes the following assertions:

On [September 3, 2020], I accepted a position according to the posting. When I arrived, [e]verything changed. I have numerous complaints about actions that took place. Sherman Jourdain violated my FMLA rights by denying me leave and also issued a 7 day suspension.

Dkt. 18-2, at 1 and 5.

(1) on September 3, 2020 her work hours and scheduled days off were changed; and (2) on

March 12, 2021, she received a Notice of Decision upholding the Proposed Letter of Warning in

lieu of a 7-day suspension. Dkt. 18-2, at 1. The letter informs Wailes:

> Since your request for pre-complaint counseling was made more than 45 days after the
> issue alleged to be discriminatory, your claims are now **dismissed** as untimely in
> accordance with 29 C.F.R. § 1614.107(a)(2).

Dkt. 18-2, at 3. The dismissal letter also contains the following chronology of events:

> You were a supervisor, Customer Services, at the Roanoke Carrier Annex in Roanoke,
> Virginia at the time of the alleged discriminatory action. The record reflects that you
> requested pre-complaint processing on July 21, 2021. You received Notice of Right to
> File on October 20, 2021. Subsequently, on October 21, 2021 you filed a formal
> complaint of discrimination with the agency.

Dkt. 18-2, at 1. Based on this chronology, the dismissal letter concludes that Wailes's "request

for pre-complaint counseling for claim #1 was made at least **<u>4 months</u>** after the issue alleged to

be discriminatory." Id. (emphasis in original). The letter then advises Wailes that if she is

dissatisfied with this decision, she may appeal to the EEOC within a specified time period, or "in

lieu of an appeal with the EEOC" she may file a civil action in the U.S. District Court within 90

days.[7] Id. at 3-4.

## II.     Standard of Review

###     A.   Rule 12(b)(6)

Under Rule 12(b)(6), "a complaint must contain sufficient factual matter. . . to 'state a

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[7] Wailes attaches to her Amended Complaint the last page of this letter outlining her right to file a civil
action. See Dkt. 10, at 7.

defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Legal conclusions, however, are not entitled to a presumption of truth. Iqbal, 556 U.S. 662 (2009); Twombly, 550 U.S. at 570 (noting that while detailed factual allegations are not required, a plaintiff must still provide more than labels, conclusions, or a "formulaic recitation of the elements of a cause of action"). Further, the court affords *pro se* complaints liberal construction. Laber v. Harvey, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

B.  Exhaustion

The exhaustion requirement under Title VII is well established and federal employees must exhaust administrative remedies before filing suit in federal court. Stewart v. Iancu, 912 F.3d 693, 699 (4th Cir. 2019) (citing Pueschel v. United States, 369 F.3d 345, 353 (4th Cir. 2004)). The Supreme Court held in Fort Bend Cty. v. Davis that Title VII's administrative exhaustion requirements are not jurisdictional. 139 S. Ct. 1843, 1846 (2019) (explaining that "a rule may be mandatory without being jurisdictional, and Title VII's charge-filing requirements fit that bill"). Thus, while failure to exhaust administrative remedies before filing suit will not prevent the court from hearing the case; exhaustion is still "'mandatory' in the sense that a court must enforce the rule if a party 'properly raises it.'" Id. (cleaned up) (quoting Eberhart v. United States, 546 U.S. 12, 19 (2005) (per curiam)); see also Panghat v. Baltimore Veterans Affs. Med. Ctr., No. CV ELH-19-994, 2019 WL 7281952, at *16 (D. Md. Dec. 27, 2019) (explaining that "while a defendant may waive arguments related to administrative exhaustion, if asserted in a

timely fashion such objections may warrant dismissal under Rule 12(b)(6)").[8]

### III.   Discussion

Exhaustion of a Title VII claim requires a federal employee to comply with all applicable filing deadlines, including consulting with an EEO counselor in order to try to resolve the matter informally, before filing a formal complaint with the agency. 29 C.F.R. § 1614.105(a). The employee must consult with an EEO counselor within 45 days of the alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1) ("An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."); see also Brown v. Dollar, 122 Fed. App'x. 664, 665 (4th Cir. 2005) (affirming the dismissal of a Title VII action for not contacting an EEO counselor within 45 days of the alleged discriminatory event). If the matter is not resolved after a mandatory counseling period, then the employee must file a formal written complaint within 15 days of receiving notice from the EEO counselor of the right to file a complaint. 29 C.F.R. § 1614.106(a)-(b). Failure to file a formal complaint within this period is grounds for the agency to dismiss the complaint. 29 C.F.R. § 1614.107(a)(2). Likewise, a federal employee's failure to comply with the fifteen-day time limit "constitutes grounds for dismissal" of a Title VII claim in federal court. Blount v. Shalala, 32 F. Supp. 2d 339, 341 (D. Md. 1999), aff'd, 199 F.3d 1326 (4th Cir. 1999).

---

[8] Of course, a Rule 12(b)(6) motion is not the proper vehicle where factual disputes exist regarding whether a plaintiff exhausted her administrative remedies. Here, however, I find that Wailes has not plausibly alleged facts that she exhausted her administrative remedies prior to filing her lawsuit.

A.  Claims that Were not Administratively Exhausted as Required Under Title VII

Defendants move to dismiss the Amended Complaint because Wailes failed to comply with the administrative exhaustion requirements that she file a formal complaint within 15 days of receiving notice of the right to file. Wailes filed an informal complaint dated December 3, 2020, including claims of discrimination because the Postal Service failed to pay her relocation expenses, improperly changed her hours without notice, and issued her two discipline letters. She received the Notice of Right to File a Formal EEO Complaint on February 16, 2021. Id. The letter informed Wailes that "there is no resolution to her counseling request" and she has two options, to "do nothing at which point your inquiry will expire and no further action will be taken on your counseling request or you can file a formal complaint." Id. The letter expressly informed Wailes that she had 15 days from receipt to file a formal complaint, or her complaint could be subject to dismissal. Id. However, the administrative records provided show that Wailes never filed a formal complaint.

Wailes filed a second informal complaint on July 21, 2021, again including claims of discrimination because the Postal Service failed to pay her relocation expenses and improperly changed her hours without notice. After her informal complaint was not resolved, Wailes filed a formal complaint on October 21, 2021 which the Postal Service dismissed as untimely because Wailes made her request for pre-complaint counseling more than 45 days after the alleged discriminatory acts. [9] Dkt. 18-2, at 1.

---

[9] In this formal complaint Wailes alleged discrimination based on race, color, sex, and retaliation when her work hours and scheduled days off were changed, and when "on March 12, 2021, [she] received the Notice of Decision upholding the Proposed Letter of Warning . . . ." Dkt. 18-2, at 1.

Wailes's failure to make a timely request for pre-complaint counseling constitutes grounds for dismissal for failure to exhaust administrative remedies. See e.g. Zografov v. V.A. Med. Ctr., 779 F.2d 967 (4th Cir. 1985); See also Morris v. Potter, No. 1:04CV858, 2005 WL 5454330, at *5 (M.D.N.C. Sept. 30, 2005), aff'd, 183 F. App'x 398 (4th Cir. 2006) (dismissing plaintiff's Title VII discrimination claims for failure to contact an EEO counselor within 45 days when she clearly had notice of the requirement); Whims v. Mabus, No. CV L-11-1861, 2012 WL 12952571, at *3 (D. Md. Apr. 11, 2012) (dismissing plaintiff's Title VII discrimination action on the grounds that he failed to exhaust his administrative remedies by not meeting with an EEO counselor within 45 days of his termination, and finding no equitable tolling applied). Wailes failed to plausibly allege that she exhausted her administrative remedies regarding her claims, and likewise provided nothing to dispute that she failed to timely exhaust her administrative remedies.

Accordingly, Wailes has failed to exhaust administrative remedies for her relocation expenses and job hours claims. See e.g. McCaskey v. United States Postal Serv., No. 3:18-CV-411-RJC-DCK, 2021 WL 1537793, at *4 (W.D.N.C. Mar. 26, 2021), report and recommendation adopted, No. 3:18-CV-411-RJC-DCK, 2021 WL 1734350 (W.D.N.C. May 3, 2021) (noting that a federal employee's failure to timely proceed with "any step in the  administrative process constitutes a failure to exhaust administrative remedies, which will subject the Plaintiff's 'complaint [ ] to dismissal when the failure to exhaust is raised by the employer'") (citation omitted).

B.  <u>Claims Never Raised in EEOC Process</u>

Defendants also move to dismiss on the grounds that several allegations in the Amended Complaint have not been administratively exhausted, as Wailes "never contacted an EEO counselor about these issues, never filed an informal or formal complaint, and has not engaged at all in the administrative process." D.'s Br. in Supp. at 13, Dkt. 18. Specifically, these allegations involve overtime hours, complaints regarding workers compensation benefits, and posting a job "with the same hours and days off." Wailes has not plausibly alleged that she exhausted her administrative remedies as to these claims; thus, to the extent that Wailes seeks to bring these claims under Title VII in this federal lawsuit, they are barred, because they were not raised in the EEOC process. "The EEOC charge establishes the scope of the plaintiff's eventual civil suit." <u>Pinzon v. Sentara RMH Med. Ctr.</u>, No. 5:20-CV-00091, 2021 WL 4303777, at *3 (W.D. Va. Sept. 21, 2021); <u>See</u> <u>Jones v. Calvert Grp., Ltd.</u>, 551 F.3d 297, 300 (4th Cir. 2009) ("Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit.") (overruled on other grounds). Accordingly, I recommend granting the defendants' motion to dismiss for failure to exhaust administrative remedies regarding these claims.

C.  <u>FMLA Claims</u>

Wailes also references the FMLA in her Amended Complaint, stating that the defendants violated her rights and disciplined her under the FMLA, which discipline was later removed. Am. Compl. at 4–5, Dkt. 10. Wailes alleges this "cost [her] loss of the other job opportunities." <u>Id.</u> The FMLA grants employees the right to take up "to a total of 12 workweeks of leave during

any 12–month period" when, inter alia, an employee suffers from "a serious health condition that makes the employee unable to perform" his job. 29 U.S.C. § 2612(a)(1)(D). It is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" an employee's FMLA rights. 29 U.S.C. § 2615(a)(1).

The defendant argues that "Wailes's FMLA discipline claim . . has not been exhausted, warranting dismissal." D.'s Br. in Supp at 14, Dkt. 18. However, the FMLA does not require administrative exhaustion. See Ansuie-Howard v. Todd, 920 F. Supp. 2d 623, 630 (D. Md. 2013), aff'd, 615 F. App'x 119 (4th Cir. 2015) ("Administrative exhaustion is not required to bring a FMLA suit"); Edwards v. Heatcraft, Inc., No. 7:05-CV-36 (HL), 2006 WL 3159945, at *4 (M.D. Ga. Nov. 2, 2006) ("Unlike Title VII and the ADA, there are no administrative prerequisites that must be satisfied before filing an FMLA suit in federal court."). Defendants also argue that, because the Postal Service corrected its mistake regarding "disciplining Wailes in relation to protected FMLA leave" that moots "any complaint she might have." D.'s Br. in Supp. at 13, Dkt. 18. However, I am considering the exhibits submitted by defendants only to determine administrative exhaustion and cannot determine whether her claim would be moot at this stage. Further, Wailes alleges the FMLA violation cost her job opportunities.

Still, I find that Wailes fails to state a claim under the FMLA, because she does not allege sufficient facts to demonstrate that the Postal Service unlawfully interfered with her FMLA leave or retaliated against her. See 28 U.S.C. § 1915(e)(2)(B) (applicable to *in forma pauperis* proceedings); Michau v. Charleston Cty., 434 F.3d 725, 728 (4th Cir. 2006) (stating that 28 U.S.C. § 1915(e) governs *in forma pauperis* filings, as well as complaints filed by prisoners, and permits district courts to, on their own motion, dismiss *in forma*

*pauperis* complaints that are frivolous, malicious, or fail to state a claim).[10] Indeed, it is unclear whether Wailes may be attempting to allege an FMLA interference or retaliation claim. To state a plausible claim for interference with an entitlement to FMLA benefits, a plaintiff must allege sufficient facts to show (1) that she was an eligible employee under the Act; (2) that her employer was covered by the Act; (3) that she was entitled to leave under the Act; (4) that she gave her employer adequate notice of her intention to take leave; and (5) that the employer denied her benefits that she was entitled to under the Act. Downs v. Winchester Med. Ctr., 21 F. Supp. 3d 615, 617 (W.D. Va. 2014). Likewise, to state a plausible retaliation claim under the FMLA, a plaintiff must allege sufficient facts to show (1) that she engaged in protected activity under the Act; (2) that her employer took adverse action against her; and (3) that a causal connection existed between her protected activity and her employer's adverse action. Yashenko v. Harrah's NC Casino Co., LLC, 446 F.3d 541, 551 (4th Cir. 2006).

Wailes fails to allege the required elements to state either an interference or retaliation claim under the FMLA, as she merely summarily states, without factual support, that defendants violated the FMLA. As such, the FMLA claim is dismissed. However, to the extent that Wailes is attempting to bring a claim under the FMLA, she is granted leave to file a Second Amended Complaint regarding the FMLA claim only.

### IV. Conclusion

Because Wailes has not plausibly alleged that she timely exhausted her administrative remedies regarding her Title VII claims, I will grant the defendants' Rule 12(b)(6) motion to dismiss and dismiss the Title VII claims in the Amended Complaint with prejudice, as

---

[10] Wailes is proceeding *in forma pauperis*. Dkt. 5.

amendment would be futile.

I also dismiss Wailes FMLA claim for failure to state a claim on which relief can be granted, but grant leave to file a Second Amended Complaint regarding this claim only which must be filed within fourteen days of the date of this opinion.

Entered:  March 29, 2023

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

14